IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CV NO. 5:15-cr-303 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| WILLIAM ADRIAN GUTIERREZ-ESPINOZA, | § | |
| | § | |
| Detainee. | § | |
| _____ | § | |

ORDER DENYING WITHOUT PREJUDICE DETAINEE'S
REQUEST FOR STAY

Before the Court is a Motion to Stay Pending the Filing of a 28 U.S.C. § 2241 Petition filed by Detainee William Adrian Gutierrez ("Gutierrez") (Dkt. # 2). Pursuant to Local Rule 7(h), the Court finds this matter suitable for disposition without a hearing. For the reasons that follow, the Court **DENIES WITHOUT PREJUDICE** Gutierrez's Motion.

BACKGROUND

On December 18, 2014, Gutierrez was arrested pursuant to an extradition request from the Government of Mexico. Gutierrez faces charges in the State of Coahuila, Mexico, of Aggravated Homicide under Articles 329, 336, and

1

350 (VII) of the Penal Code of Coahuila for the 2009 murder of Jorge Luis Valdez Perez.

On April 29, 2015, Magistrate Judge John W. Primomo issued a Memorandum and Certificate of Extraditability, which concluded that the evidence was sufficient to sustain the charge against Gutierrez and warranted certification to the Secretary of State that Gutierrez be extradited to Mexico. Memorandum & Certificate of Extraditability, In re Extradition of Gutierrez-Espinoza, No. 5:14-MJ-1197, Dkt. # 24, at 1 (W.D. Tex. Apr. 29, 2015). The Magistrate Judge first noted the requirements for granting an extradition request: (1) the presiding judicial officer has jurisdiction to conduct an extradition proceeding; (2) the court has jurisdiction over the fugitive; (3) the person before the court is the fugitive named in the request for extradition; (4) there is an extradition treaty in full force and effect; (5) the crimes for which surrender is requested are covered by that treaty; and (6) there is competent legal evidence to support the finding of probable cause as to each charge for which extradition is sought. Id. at 1–2 (citing In re Extradition of Vargas, 978 F. Supp. 2d 734, 744 (S.D. Tex. 2013)). Finding all of the jurisdictional requirements satisfied, the Magistrate Judge noted that the crime of aggravated homicide is covered by the Treaty between the United States and Mexico, 31 U.S.T. 5059, which is in full force and effect. Id. at 2–3. The Magistrate Judge ultimately concluded, after analyzing witness testimony, physical

evidence, and expert testimony, that there was sufficient evidence to establish probable cause that Gutierrez committed the charged offense. Id. at 4–8. Accordingly, he granted and certified the extradition request. Id. at 8.

On April 30, 2015, Gutierrez filed a Motion to Stay the Certification for Thirty Days to permit counsel to review the order, research the law, obtain necessary evidence, and prepare the writ of habeas corpus contesting the extradition certification. Motion to Stay, In re Extradition of Gutierrez-Espinoza, No. 5:14-MJ-1197, Dkt. # 25 (W.D. Tex. Apr. 30, 2015). The Magistrate Judge issued a summary denial on May 1, 2015. Order, In re Extradition of Gutierrez-Espinoza, No. 5:14-MJ-1197, Dkt. # 26 (W.D. Tex. May 1, 2015).

On May 4, 2015, Gutierrez filed the instant motion (Dkt. # 2), as well as a notice of appeal (Dkt. # 1).

## LEGAL STANDARD

Courts must consider four factors to determine whether a discretionary stay pending appeal is warranted: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2)whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 434 (2009)

(internal quotation marks omitted) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).  "The first two factors of the traditional standard are the most critical."  Id.

## DISCUSSION

Gutierrez requests a thirty-day stay to permit counsel to prepare and file a 28 U.S.C. § 2241 petition for a writ of habeas corpus[1] challenging the order of extradition.  (Dkt. # 2 at 2.)  While the risk of Gutierrez's extradition during the pendency of the appeal is sufficient to demonstrate irreparable harm, Gutierrez has not demonstrated the requisite likelihood of success on the merits.  See Demjanjuk v. Meese, 784 F.2d 1114, 1118 (D.C. Cir. 1986) (concluding that the "imminent extradition of petitioner to Israel may qualify as a threat of irreparable harm," but that the motion to stay execution of the extradition warrant was nevertheless unjustified because the petitioner failed to demonstrate a likelihood of success on the merits).[2]

To demonstrate likelihood of success on the merits, the movant must demonstrate "more than a mere possibility of relief."  Id.  "The scope of habeas

---

[1] "A person certified as extraditable may not appeal from a magistrate's certification decision, but may seek habeas corpus relief."  Balzan v. United States, 702 F.3d 220, 223 n.3 (5th Cir. 2012).

[2] The Court notes that the Fifth Circuit, in an unpublished decision that is not binding on this Court, relied on Demjanjuk to come to a similar conclusion on a motion to stay an extradition certification pending appeal.  Quintanilla v. United States, 582 F. App'x 412 (5th Cir. 2014).

corpus review of the findings of a judicial officer that conducted an extradition hearing is extremely limited." Ntakirutimana v. Reno, 184 F.3d 419, 423 (5th Cir. 1999).  Courts are to examine only "(1) whether the committing court had jurisdiction, (2) whether the offense charged is within the treaty, and (3) whether the evidence shows a reasonable ground to believe the accused guilty."  Id.

Gutierrez's Motion does not offer any legal basis for the appeal, other than that he intends to seek release "on the ground that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'"  (Dkt. # 2 at 3.)  Instead, counsel argues that that the stay will permit counsel time to prepare and file a well-developed habeas petition that does not omit any grounds for relief. (Id. at 2.)  Such a rationale does not sufficiently demonstrate the likelihood of success on the merits to justify exercise of the Court's discretion to stay execution of the extradition certification.  Accordingly, the Court **DENIES** Gutierrez's request **WITHOUT PREJUDICE** to refiling, should Gutierrez's counsel provide sufficient legal basis to support review of the extradition certification.

## CONCLUSION

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Gutierrez's Request for a Stay Pending the Filing of a 28 U.S.C. § 2241 Petition (Dkt. # 2).

**IT IS SO ORDERED.**

**DATED**: San Antonio, Texas, May 4, 2015.

_____
David Alan Ezra
Senior United States Distict Judge