**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § | |
| v. | § § | SA-15-CR-303 <br> SA-14-MJ-1197-JWP |
| WILLIAM ADRIAN GUTIERREZ | § § § § | |

**ORDER**

On this date the Court considered Movant's motion for emergency stay of extradition (docket no. 5 in SA-15-CR-303). The motion was filed on December 9, 2015 at about 4:00 p.m. The undersigned judge heard the emergency motion as the duty judge. The Court convened a hearing in open court. Gutierrez was represented by counsel. The U.S. Attorney's office appeared by phone.

Mr. Gutierrez is being held based on a request by the Government of Mexico for extradition. He is charged by the Mexican authorities with murder. On April 21, 2015 a hearing was held before Magistrate Judge John W. Primomo, on the matter of Mr. Gutierrez's extradition. On April 29, 2015, Magistrate Judge Primomo issued a "Memorandum and Certificate of Extraditability." Gutierrez filed a notice of appeal of that decision to the district court. Gutierrez also sought a 30-day stay to permit the filing of a habeas petition pursuant to 28 U.S.C. § 2241. On May 4, 2015, Senior District Judge David Ezra denied Gutierrez's motion to stay extradition stating that Gutierrez failed to demonstrate a likelihood of success

on the merits of any section 2241 petition.  *U.S. v. Gutierrez*, 2015 WL 2165073 (W.D. Tex. May 4, 2015).

Since that time Gutierrez filed an appeal of the extraditability decision with the U.S. Secretary of State.  Gutierrez argued before the Secretary that he is charged with the murder of a member of the Los Zetas cartel and that upon his return to Mexico he would be tortured or killed and the Mexican authorities would be unwilling or unable to protect him.  The Secretary rejected these arguments and Gutierrez has been informed that the extradition will proceed forthwith.

Gutierrez now files this emergency motion seeking that the extradition be stayed for thirty days to allow him to file a habeas petition under section 2241.  Gutierrez intends to argue that his extradition would violate the due process clause of the Fifth Amendment, the United Nations Convention against Torture, and the Foreign Affairs Reform and Restructuring Act of 1998.  The U.S. Attorney's Office opposes the emergency motion.

Gutierrez primarily relies upon *Munaf v. Geren*, 553 U.S. 674 (2008) for the argument that a motion to stay should be granted.  A close reading of that case, however, indicates that Munaf stands for the propositions that foreign sovereign nations have the right to punish offenses against its laws and that the judiciary should not second-guess extradition decisions made by the Executive branch.  *Id*. at 701-702.

The Supreme Court did reserve judgment on extreme cases where the Executive branch made a determination that a detainee is likely to be tortured upon extradition, but decided to transfer him anyway.  *Id*. at 706.  In this case the Department of State notified Gutierrez's counsel that it had reviewed all materials submitted to the office, including

pleadings and filings that were submitted in the proceedings before the Western District of Texas.  The Department of State noted that the United States had an obligation not to extradite persons to a country "where there are substantial grounds for believing that he would be in danger of being subjected to torture" pursuant to the Convention against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment.  The Department of State rejected Gutierrez's claim that it was more likely than not that he would be subjected to torture.  Letter dated December 5, 2015 from the Assistant Legal Adviser for Law Enforcement and Intelligence, U.S. Department of State.

This court has reviewed the letter Gutierrez's counsel sent to the State Department on June 18, 2015 and the numerous exhibits attached thereto.  In summary, the documents and opinion of Dr. Victor Clark-Alfaro argue that the Mexican state of Coahuila is a "failed state," under the control of the Los Zetas cartel, that Gutierrez is charged with murdering a close associate of leaders in the cartel, and that he faces certain death if he is extradited.

In determining whether to grant a stay of extradition, the Court should consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.  The first two factors of the traditional standard are the most critical.  More than a mere possibility of success on the merits is required." *Quintanilla v. United States*, 582 F. App'x 412, 414 (5th Cir. 2014)(internal citations omitted).

In this case Gutierrez establishes the irreparable injury element. Gutierrez, however, fails to establish a strong likelihood of success on the merits. Accordingly, the motion for emergency stay is denied.

In the event the Court denied the emergency motion for stay, Gutierrez verbally requested at the hearing that a temporary stay be allowed so that an emergency appeal could be filed in the Fifth Circuit Court of Appeals. That verbal motion is GRANTED.

Gutierrez's extradition is stayed until January 8, 2016 to allow for an emergency appeal of this Order.

SIGNED this 9th day of December, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE